NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

15-702

STATE OF LOUISIANA

VERSUS

ANDREW SCHLESINGER

AKA - ANDREW DEVON SCHLESINGER

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 25467-13
HONORABLE ROBERT LANE WYATT, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

JOHN E. CONERY
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Elizabeth A. Pickett, Billy Howard Ezell, and John E. Conery, Judges.

**CONVICTION AND SENTENCE AFFIRMED, REMANDED WITH INSTRUCTIONS, MOTION TO WITHDRAW GRANTED.**

**John F. DeRosier**
**District Attorney**
**Karen C. McLellan**
**Assisstant District Attorney**
**14th Judicial District Court**
**Post Office Box 3206**
**Lake Charles, Louisiana 70602-3206**
**(337) 437-3400**
**COUNSEL FOR APPELLEE:**
> **State of Louisiana**

**Edward J. Marquet**
**Louisiana Appellee Project**
**Post Office Box 53733**
**Lafayette, Louisiana 70505-3733**
**(337) 237-6841**
**COUNSEL FOR DEFENDANT/APPELLANT:**
> **Andrew Schlesinger**

**Andrew D. Schlesinger**
**1605 Badger Street**
**Lake Charles, Louisiana 70607**
**DEFENDANT:**
> **Andrew Schlesinger**

**CONERY, Judge.**

On October 30, 2013, Defendant Andrew Schlesinger was charged with possession of cocaine with intent to distribute, a violation of La.R.S. 40:967(A)(1). On March 4, 2015, the bill of information was amended to reduce the charge to possession of cocaine, a violation of La.R.S. 40:967(C).

On August 7, 2014, Defendant filed a motion to suppress the cocaine seized from his person at the time of his initial detention and arrest. A hearing to address Defendant's motion was held on March 4, 2015, following which, the trial court denied the motion in open court.

On March 4, 2015, Defendant pled guilty to possession of cocaine but reserved his right to appeal the trial court's denial of his motion to suppress the evidence pursuant to *State v. Crosby,* 338 So.2d 584 (La.1976). After waiving all delays, imposition of sentence was deferred, and defendant was placed on supervised probation for one year subject to the conditions set forth in La.Code Crim.P. arts. 893 and 895, and additional conditions.

Defendant perfected a timely appeal, alleging only that the trial court erred when it denied his motion to suppress the evidence. Appellate counsel, however, has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967), alleging no non-frivolous issues exist on which to base an appeal and seeking to withdraw as Defendant's appellate counsel. We grant appellate counsel's motion to withdraw and affirm Defendant's conviction and sentence.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find that there is one error patent. Additionally, the court minutes require correction.

As conditions of probation, Defendant was ordered to pay a $500 fine and court costs, $50 to the Louisiana Commission on Law Enforcement Drug Education, $250 to the Southwest Louisiana Criminalistics Lab Fund and $500 to the Public Defenders' Office. If the Defendant earned his GED within three months, the court stated he did not have to pay the fine and court costs. A payment plan was not established for the fees imposed as conditions of probation and is required. *See State v. Arisme*, 13-269, pp. 3-4 (La.App. 3 Cir. 10/9/13), 123 So.3d 1259, 1262.

Likewise, in the present case, we remand this case to the trial court for the establishment of a payment plan for the fees and costs imposed as conditions of probation, noting that the plan may either be determined by the trial court or by the Department of Probation and Parole with approval by the trial court.

Further, we find the court minutes of sentencing require correction. At sentencing, as a condition of probation, the judge imposed "[d]rug/alcohol assessment. Follow any recommendations to include random drug screens and AA/NA if recommended." The court minutes indicate that the Defendant is to "attend at least (1) Narcotics Anonymous or Alcoholics Anonymous meeting per week."[1]

"[W]hen the minutes and the transcript conflict, the transcript prevails." *State v. Wommack*, 00-137, p. 4 (La.App. 3 Cir. 6/7/00), 770 So.2d 365, 369, *writ denied*, 00-2051 (La. 9/21/01), 797 So.2d 62. Thus, we order the trial court to

---

[1] We note that in stating the sentencing recommendation to the judge, the prosecutor said that as a condition of probation, the Defendant should "attend AA or NA at least once a week." Although this is more in line with what appears in the court minutes, this is not what the trial court imposed.

2

amend the minute entry of sentencing to correctly reflect the condition of probation imposed.

**ANALYSIS - *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967).**

In *State v. Benjamin*, 573 So.2d 528, 531 (La.App. 4 Cir. 1990), the fourth circuit explained the analysis based on *Anders*:

> When appointed counsel has filed a brief indicating that no non-frivolous issues and no ruling arguably supporting an appeal were found after a conscientious review of the record, *Anders* requires that counsel move to withdraw. This motion will not be acted on until this court performs a thorough independent review of the record after providing the appellant an opportunity to file a brief in his or her own behalf. This court's review of the record will consist of (1) a review of the bill of information or indictment to insure the defendant was properly charged; (2) a review of all minute entries to insure the defendant was present at all crucial stages of the proceedings, the jury composition and verdict were correct and the sentence is legal; (3) a review of all pleadings in the record; (4) a review of the jury sheets; and (5) a review of all transcripts to determine if any ruling provides an arguable basis for appeal. Under C.Cr.P. art. 914.1(D) this Court will order that the appeal record be supplemented with pleadings, minute entries and transcripts when the record filed in this Court is not sufficient to perform this review.

While it is not necessary for Defendant's counsel to "catalog tediously every meritless objection made at trial or by way of pre-trial motions with a labored explanation of why the objections all lack merit[,]" counsel's *Anders* brief must "'assure the court that the indigent defendant's constitutional rights have not been violated.'" *State v. Jyles*, 96-2669, p. 2 (La. 12/12/97), 704 So.2d 241, 241 (citing *Jones v. Barnes*, 463 U.S. 745, 103 S.Ct. 3308 (1983); quoting *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 108 S.Ct. 1895 (1988)). Counsel must fully discuss and analyze the trial record and consider "whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration." *Jyles*, 704 So.2d at 241 (citing *United States v. Pippers*, 115 F.3d 422 (7th Cir.

3

1997)).  Thus, counsel's *Anders* brief must review the procedural history and the evidence presented at trial and provide "a detailed and reviewable assessment for both the defendant and the appellate court of whether the appeal is worth pursuing in the first place." *State v. Mouton*, 95-981, p. 2 (La. 4/28/95), 653 So.2d 1176, 1177.

A review of the record shows that Defendant was properly charged by a bill of information and that the bill of information was properly amended on March 4, 2015.  Defendant was represented by counsel throughout all critical proceedings.  Defendant was *Boykinized* prior to the trial court's acceptance of his guilty plea.  The trial court noted that Defendant had signed a Waiver of Constitutional Rights and Plea of Guilty Form, which stated the amended charge and the possible maximum penalty.  The trial court questioned Defendant as to whether he had gone over the waiver form with defense counsel, to which Defendant affirmed that he had.  After the trial court ascertained Defendant's level of education, the trial court advised him of the rights he was giving up by pleading guilty: the right to a trial, to be represented at trial, to confront witnesses, the right against self-incrimination, the right to be presumed innocent, and the right to appeal.  The trial court further determined that no one threatened, pressured, forced, coerced, promised, or induced Defendant in any way to enter the guilty plea.  After the trial court asked Defendant if he understood and Defendant stated that he did, Defendant pled guilty to possession of cocaine.  The trial court accepted the guilty plea as intelligently and knowingly made.

In brief, appellate counsel noted that on the record, he could find no errors on appeal which would have supported a reversal of the guilty plea or the denial of the motion to suppress evidence.  In Defendant's motion to suppress he had

4

asserted that the second pat down, which located the evidence in Defendant's pocket, was unnecessary and unreasonable since he had not been arrested and the second pat down was not a search incident to arrest. Referencing *State v. Tucker,* 626 So.2d 707, 712 (La.1993) and *State v. Lewis*, 00-3136 (La. 4/26/02), 815 So.2d 818, *cert denied,* 537 U.S. 922, 123 S.Ct. 312 (2002), appellate counsel concluded that while Defendant in this case had not been arrested when he was patted down for the second time, he had been handcuffed for officer safety, thus detained. If a person is contacted by the police or has submitted to the police's show of authority, there is undoubtedly a seizure for Fourth Amendment purposes. *See Tucker*, 626 So.2d 707.

We agree with appellate counsel. At the suppression hearing, the two officers involved testified. Defendant was stopped for a traffic violation. Upon approaching Defendant's vehicle, one of the officers smelled a strong odor of burnt marijuana. After asking Defendant to exit his vehicle, both officers testified that Defendant kept attempting to walk away. Defendant was handcuffed for the officers' safety. One officer began to pat Defendant down to ascertain whether he had a weapon and felt something in Defendant's pocket which the officer believed contained an illegal substance. Defendant refused consent to search his pocket. When the officer left to call for a K-9 unit, the second officer noticed Defendant kept attempting to reach the suspect pocket. The second officer decided to continue the pat down process. This time, when asked, Defendant gave his consent for the officer to search his pocket. Several small packets of a substance later identified to be cocaine were located in his pocket. We find that the totality of the circumstances known to the officers at the time gave rise to reasonable suspicion for an investigatory detention. *See State v. Thomas*, 08-521 (La.App. 5 Cir.

1/27/09), 8 So.3d 646, *writ denied*, 09-391 (La. 12/18/09), 23 So.3d 928. Furthermore, Defendant consented to the search.

We find no issues that would support an assignment of error on appeal. Therefore, we grant appellate counsel's motion to withdraw.

## DISPOSITION

We affirm Defendant's conviction and sentence, remand with instructions and grant Appellate counsel's motion to withdraw.

**CONVICTION AND SENTENCE AFFIRMED, REMANDED WITH INSTRUCTIONS, MOTION TO WITHDRAW GRANTED.**

**This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules— Courts of Appeal, Rule 2–16.3.**

15-702

COURT OF APPEAL, THIRD CIRCUIT

STATE OF LOUISIANA

STATE OF LOUISIANA

    Plaintiff-Appellee

VERSUS

ANDREW SCHLESINGER

    Defendant-Appellant

On Appeal from the Fourteenth Judicial District Court, Docket Number 25467-13, Parish of Calcasieu, State of Louisiana, Honorable Robert L. Wyatt

## **O R D E R**

After consideration of appellate counsel's request to withdraw as counsel and the appeal presently pending in the above-captioned matter;

IT IS HEREBY ORDERED that appellate counsel's motion to withdraw is granted.

THUS DONE AND SIGNED this _____ day of _____, 2015.

COURT OF APPEAL, THIRD CIRCUIT

_____
Judge Elizabeth A. Pickett

_____
Judge Billy H. Ezell

_____
Judge John E. Conery

7